ESTATE OF Walter F. KLOSTERMAN, Deceased; Kent Klosterman; Alan Klosterman, personal representatives, Petitioners–Appellants,

v.

COMMISSIONER INTERNAL REVENUE SERVICE, Respondent–Appellee.

No. 93–70349.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 1994 *.

Decided July 5, 1994.

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Donald J. Chisholm, Burley, ID, for petitioners-appellants.

Gary R. Allen, Tax Div., U.S. Dept. of Justice, Washington, DC, for respondent-appellee.

Before: WIGGINS and THOMPSON, Circuit Judges, and EZRA, District Judge.**

DAVID R. THOMPSON, Circuit Judge:

The Estate of Walter F. Klosterman, deceased, elected to use the formula prescribed by 26 U.S.C. § 2032A(e)(7)(A) to value farmland for estate tax purposes. This section permits a taxpayer to value farmland by dividing the excess of the "average annual gross cash rental" received for comparable land over the "State and local real estate taxes" imposed upon such land, by the applicable Federal Land Bank interest rate. In applying this formula, the estate excluded from the average annual gross cash rental the average annual amounts of irrigation assessments tenants of such land pay to their landlords. The estate contends these payments are not payments of rent for land and thus are not includable in the valuation formula as "gross cash rental for comparable land," or, if includable in such gross rental, the assessments may be deducted as local real estate taxes under § 2032A(e)(7)(A)(i) and 26 U.S.C. § 164.

** Hon. David A. Ezra, United States District Judge    for the District of Hawaii, sitting by designation.

The tax court, in a published decision, *Estate of Klosterman v. Commissioner I.R.S.*, 99 T.C. 313, 1992 WL 217491 (1992), rejected the estate's arguments, concluded the estate had misapplied the formula, and determined the estate's tax deficiency to be $15,232. The estate appeals.

We have jurisdiction under 26 U.S.C. § 7482 and we affirm. We conclude that in applying the valuation formula of § 2032A(e)(7)(A), irrigation assessments paid by farm tenants to landlords of comparable land as part of the rent are includable as "gross cash rental," and are not deductible as "local real estate taxes."

The farmland involved in this case consists of 369 acres of irrigable land in the high desert of Idaho, an area where farming is impossible without irrigation. The Minidoka and A & B Irrigation Districts, quasi-municipal Idaho corporations, supply water to irrigate farmlands in this area. The Irrigation Districts levy operation and maintenance (O & M) assessments on all irrigable land within their districts without regard to whether water is actually supplied to the assessed land.

Failure to pay an O & M assessment results in an Irrigation District denying the property irrigation water. To ensure that the assessments are paid, the common practice is for landlords to pay the assessments and collect them from their tenant farmers as part of the rent. For the applicable time period, the average annual gross rental for farmland comparable to the estate's 369 acres was $98.73 per acre, and the average annual assessment was $23.00 per acre.

Under § 2032A(e)(7)(A), the value of farmland is determined according to the following formula:

[T]he value of a farm for farming purposes shall be determined by dividing (i) the excess of the average annual gross cash rental for comparable land used for farming purposes and located in the locality of such farm over the average annual State and local real estate taxes for such compa-

rable land, by (ii) the average annual effective rate for all new Federal Land loans. 26 U.S.C. § 2032A(e)(7)(A).

■ In arguing that the assessments landlords collect from their tenants are not "rent," the estate contends these payments are nothing more than a security deposit to ensure payment of the O & M assessments, a simple pass-through of a tenant expense from the tenant through the landlord to the Irrigation District; because § 2032A(e)(7)(A)(i) refers to rental for comparable land, and the "security deposits" are not rent for land, the assessments should be excluded when computing the average annual gross cash rental.

We reject this argument. The statute refers to *gross* cash rental. The meaning of the term "gross" in this context is plain. It means an amount unreduced by any deductions. This point is driven home by the fact Congress expressly listed only one kind of expense which can be used to reduce gross rental: "State and local real estate taxes." *Id.*

The fact that the landowners pass the economic cost of the O & M assessments on to their tenants in the form of higher rent does not mean these charges may be deducted from the gross rent to determine the "gross cash rental." Were it otherwise, any economic cost pertaining to the property and passed on to the tenant, such as casualty and liability insurance premiums, could be deducted from "gross cash rental" in applying the formula. The result would be that the meaning of the term "gross" would not be "gross" at all. It would be "net." Had the estate elected to use the net income method for valuing its farmland it could have used the formula prescribed by 26 U.S.C. § 2032A(e)(8). It did not.

■ The estate contends that even if the O & M assessments are includable in "gross cash rental," the assessments should nonetheless be deducted from the gross rental because the assessments are "local real estate taxes" within the meaning of § 2032A(e)(7)(A)(i). We disagree.

For purposes of the applicable statute, Treasury Regulation 20.2032A–4(c) defines

state and local taxes as "taxes which are assessed by a state or local government and which are allowable deductions under section 164." Section 164(a)(1) of the Internal Revenue Code provides that no deduction shall be allowed for:

Taxes assessed against local benefits of a kind tending to increase the value of the property assessed; but this paragraph shall not prevent the deduction of so much of such taxes as is properly allocable to maintenance or interest charges.

26 U.S.C. § 164(c)(1).

█ Pursuant to § 164(c)(1), two categories of local real estate taxes are deductible from gross cash rental for valuation of a farm under § 2032A(e)(7)(A): (1) those taxes not assessed against local benefits tending to increase the value of the property assessed, and (2) the portion of taxes assessed against a local benefit that is allocable to maintenance or interest charges. The estate seeks to deduct the O & M assessments under both categories.

The estate argues that because the Irrigation Districts assess O & M charges against all irrigable acreage, regardless of whether water is supplied to it, the assessments constitute a burden without a corresponding benefit. We disagree. Section 164 prohibits the deduction of taxes for a local benefit "of a kind *tending* to increase the value of the property assessed." 26 U.S.C. § 164(c)(1) (emphasis added). The assessed property need not gain a direct benefit, such as irrigation water, from each assessment; it is sufficient to create a local benefit that the assessment tends to increase the value of the property. The availability of water to irrigable farmland is a benefit that increases the land's value, even if a landowner chooses to use none of the available water.

We conclude that the O & M assessments are assessed against local benefits and therefore are not deductible as local real estate taxes within the meaning of 26 U.S.C. § 2032A(e)(7)(A)(i), except to the extent such assessments are shown to be "properly allocable to maintenance or interest charges."

1. Because the estate is not the prevailing party in this appeal, its request for attorney fees under 26

*Id.*; 26 U.S.C. § 164(c)(1). Here, there is no portion of the O & M assessments which the estate has shown to be allocable to maintenance or interest charges. The burden is on the taxpayer to establish this allocation. If the allocation cannot be made, no portion of the assessment is deductible. Treas.Reg. § 1.164–4(b)(1). As the tax court stated in its decision, the estate produced "no evidence whatsoever to show even approximately the proportion of such charges that were attributable to 'maintenance' as opposed to 'operation.'" 99 T.C. at 324. *See* Treas.Reg. § 20.2032A–4(b)(1) (gross cash rental "not diminished by the amount of any expenses associated with the farm operation or the lease."). It is not contended any portion of the O & M payments is attributable to interest.

AFFIRMED.[1]